May it please the Court, Nadia Ahmed, Special Assistant United States Attorney, on behalf of Plaintiff Appellant of the United States. Your Honors, the issue before the Court today is resolved ultimately by reliance on this Court's precedent in United States v. Cha and Brown v. Roe. Those cases stand for the proposition that if the issue is placed before the District Court in an objection to the report and recommendation made by a magistrate judge, then it's timely placed before that Court, and the District Court then has the discretion whether or not to consider an argument that was not placed before the magistrate. But did the District Court in this case exercise discretion not to resolve that issue? Your Honor, no. Here the case law is very clear, and the District Court must exercise its discretion, and the case law states that it cannot summarily adopt the magistrate's recommendation, which is essentially what the District Court did in this case. Now, as Your Honors are aware, of course, in United States v. Howell, which is sort of the seminal case on whether or not discretion may be exercised, the District Court clearly stated that it was exercising its discretion to not consider the new facts that were presented by the defendant in that case. Here, Your Honor, the United States — New facts or a new argument? In Howell, Your Honor, I believe it was facts. But my understanding, Your Honor, in relying on both Brown and Chaw, that the Court has stated that both facts and arguments can be raised for the first time before the District Court. Now, Your Honor, the government's contention and the record reflects that the United States raised the argument orally before the magistrate judge in the suppression hearing. Your complaint is about the magistrate judge not allowing you to do that, not the District Court, am I right? Your Honor, essentially, the government — yes, to a degree, but, Your Honor, really our argument is that neither the magistrate nor the District Court addressed the automobile exception argument squarely, and that the magistrate judge didn't address it at all, although it addressed the inventory exception argument that was raised orally at the hearing, the suppression hearing. But the magistrate judge didn't address the automobile exception. And then, Your Honor, we also argue that the District Court failed to exercise its discretion one way or the other, either to say we're not considering this automobile exception argument or to say that we are considering it and we reject it. So the difficulty before the magistrate judge was that the government elected not to file anything and then tried to persuade the magistrate judge to allow the government to file its papers after the hearing was over, kind of a post-argument belief as opposed to filing something with the court prior to the hearing. So why wasn't the magistrate judge within his discretion to say you waived that argument because you didn't file anything? Your Honor, the government contends that — Your Honor, yes, the magistrate did have the discretion to deem all the government's arguments waived that they had not presented prior to the hearing taking place. However, Your Honor, the defendant himself waived essentially the waiver, which is what we argued in our reply brief citing Norwood v. Vance. The defendant essentially stated, defense counsel stated, what the sanction for failing to file appoints and authorities would be under the rules, but that ultimately it did not — defendant did not seek that sanction and then moved forward with the hearing. Did that bind the District Court not to impose that sanction, though? Well, Your Honor, in Norwood v. Vance, in any event, the Ninth Circuit stated that if the party doesn't raise waiver, then we wouldn't, to respond to you, raise it. That was at least what the court said in Norwood. But in any event, the — what you have here is a sort of interesting decision. The way it played out was that the magistrate — either all the arguments that the government presented at the hearing would have been waived following that theory. Well, I guess he had the discretion to say that — to allow one argument to go forward and not the other. Your Honor — Well, in some sense, you're lucky that any argument was entertained. Your Honor — Under the ruling, I mean. Yes. It is odd, though, that one argument seems to have been allowed to go forward but not the other. It's — the point, Your Honor, I think, is essentially that the record is devoid of what the consideration was by the magistrate and by the District Court, because it's precisely what Your Honor is saying, that the inventory search was discussed in detail. Well, there's a rule that allows the — allows for late filing for good cause shown. Isn't that right? Yes, Your Honor. So, I mean, you have an argument here, it seems to me, that it was an abuse of discretion not to allow you to file late because you did advance a reason that would seem to me to be, you know, reasonable, namely that you thought that was the — you thought that that was the custom. Your Honor, yes, that's true. However, we've explicitly stated in the reply brief that we are not seeking review of that decision to strike the government's response at the suppression level, at the magistrate level. Nonetheless, Your Honor, going back to United States v. Chaun, Brown v. Roe, ultimately, whether or not the magistrate had an opportunity to consider those arguments, they were squarely placed before the District Court. And, Your Honors, I would — Did the magistrate — either the magistrate or the District Court say anything about waiver? Your Honor, no. I would say unequivocally that neither the magistrate nor the District Court — The magistrate simply went ahead and addressed the inventory exception on the merits. Yes, Your Honor. Didn't say anything about the automobile exception. Didn't say it was waived. Didn't say it wasn't waived. Didn't acknowledge that it was even raised. Exactly, Your Honor. Not to misrepresent the record, of course, the magistrate judge did state that this government attempted to file the late response and that the magistrate recommended striking that response. But beyond that — What does that mean, then? If the magistrate judge says, I'm not going to allow you to file the response, what does that mean as a practical matter? Does that mean that issue is not presented? Your Honor, I would say ultimately no, because, again, either both arguments were accepted at the oral argument level and rejected in writing, or they were both rejected, period. But here, Your Honor, the record looks like the magistrate judge entertained the hearing, the suppression hearing. So what he did was he allowed you to go ahead with your oral argument, but deprived you of the opportunity of providing any written materials to him. Exactly, Your Honor. But then also failed to even address the government's automobile exception argument that was presented at the oral argument stage. And — Your Honor, the only difficulty here seems to me to be a procedural one. I mean, on the merits, there is a substantive question of whether the automobile exception applies, but that seems to me to be more or less conceded. Isn't that right? Your Honor — I mean, there was probable cause, and it was an automobile. What else do you need? Yes, Your Honor. The government — This is just a procedural case, isn't it? Yes. The record — there's no doubt that the defendant has waived or conceded, excuse me, that probable cause existed. The defendant stated that explicitly in its response to the objections that the government filed where we discussed the automobile exception, the defendant — Okay. Let me ask you. Why did you waive the argument that the magistrate judge abused his or her discretion in not allowing you to file the response? Is that something you don't want to discuss? Do you just want to say you waived it and move on? Yes, Your Honor. I thought so. And, Your Honor, if the Court doesn't have any questions for me at this point, I would ask that I reserve the remainder of my time for rebuttal. All right. Thank you. Thank you. May it please the Court, Alina Schell on behalf of Appellee Lamanda Scott. Your Honors, the rules of criminal procedure exist for a reason. They exist to ensure fairness and predictability for all parties involved in a criminal proceeding, the court, the defendant, and the prosecution. In this case, the prosecution didn't follow the rules. And as a result of that, we had a procedure that was entirely unfair and entirely unpredictable. The burden here was with the government to prove that the warrantless search in this case was subject to some sort of exception to the warrant requirement. The government had the opportunity to do that. We filed a motion to suppress. We gave them ample opportunity to respond. And instead of responding, they chose not to. And by choosing not to, 12e, and not establishing good cause to excuse that failure to file, 12e dictates that that argument is now waived, and this Court cannot hear it. Now, are we supposed to enforce that rule if the magistrate doesn't enforce the rule? Your Honor, I believe the magistrate did find that there was a waiver in this case, although he may not have cited to Rule 12. Did he use the word waiver? He did not use the word waiver. How are we supposed to find that he waived it when he went ahead and addressed it on the merits? And it looks to me like the penalty for the government for not filing in the first place and trying to file something afterwards was that he deprived them of the benefit of whatever written material they would have otherwise submitted to the Court. But he didn't. But he didn't say, I'm not going to listen to your argument, because he goes ahead and addresses it on the merits. So what are we supposed to do? Your Honor, the magistrate in this case did not address the probable cause argument on the merits. Indeed, when we got to the first day of the evidentiary hearing, he said to the government, you have put me in the position where you are going to – essentially it is a waiver argument. You're going to be left in the position where the only thing this Court has to look at is what happens at the evidentiary hearing and the legal pleadings filed by the defense. Indeed, the Court, despite what the government has represented, never made a finding that there was probable cause in this case. What he said was, in his order, there's likely probable cause, but he never got to that because that issue was never properly raised before the Court. Would a contrary finding be upheld on appeal? I'm sorry, Your Honor? Could a contrary finding be upheld on appeal? No, Your Honor. You're saying that there was – I am not conceding that there's probable cause, Your Honor. What I am saying, Your Honor, is that – But that's the answer to the question. He's asked you, would a contrary finding be upheld on appeal, and you said no. Let me answer that question more appropriately, then, Your Honor. What happened here is we came into the hearing only prepared to address one legal question, whether or not the inventory search was appropriate. I'm sorry. Which hearing are you talking about, before the magistrate or the district court? There was never a hearing before the district court. It was strictly a two-day evidentiary hearing. Why were you only prepared to discuss the inventory? Because that was the only issue that was seasonably and timely raised to the magistrate court. We came into the hearing. The burden here, as I said, Your Honor, is on the government to prove that some automobile – some warrant exception applies. We came in. It's not our job as the defense to spin out every possible scenario of what possible exception might have applied in this case. But why were you – why were you prepared to address the inventory search? Because based on the evidence that we received in discovery, that was the issue that we identified as the primary issue in this case. Right. Since the government hadn't – hadn't filed any papers in there, how did you know what arguments the government was going to make? That's exactly the problem, Your Honor. We didn't know what arguments the government was going to make. And because we didn't know what argument they were going to make, we could not prepare for the probable cause. Had we known that they were going with automobile exception, we would have – it would have changed the way we did cross-examination. It would have changed our investigation. Did you protest that at the time before the magistrate? We did, Your Honor, both during the first day of hearing, and that's in the area of ER – What – what page? I would look to – Your Honor, it's in the area of ER 40. I think, actually, a better place to point to, Your Honor, is after the first day of hearings, after the majority of the evidence had been held, and apparently the government saw that its case was going downhill, they filed these last-minute, 43-day-late pleadings. And when we got in there, the defense counsel in this case said, Your Honor, I am not prepared to respond to these arguments because they are just now being presented  Does that answer your question, Your Honor? Well, I'm trying – I'm trying to find out if you had an opportunity to say to the magistrate judge, wait a minute, judge, we didn't come in here prepared to talk about the automobile exception. The government – the government surprised us here. We – And, therefore, we ask you not to – not to hear that argument. And – and the magistrate had said, you're absolutely right, counsel. You'd stand on much firmer ground. But it just doesn't look like anything, you know, rose to that level of – We did, Your Honor. When the government made its oral pronouncement, which, by the way, this Court in Kirkland said is not enough to preserve an issue against waiver, when we got into – they tried to make the argument, and defense counsel said, I am not prepared to respond to case A, B, and C because I have had not – not had a chance to prepare. I also believe, Your Honor, that we preserved – if you look at page ER – ER page 40, Mr. Carrico pointed to local rule 12, which is the analog to the criminal rule 12. And I believe that sufficiently preserved the waiver argument for the purposes of this case. He said – Right. But the district – but the magistrate didn't – didn't dismiss it on that basis. No, Your Honor. He did not. However, he did refuse to hear – he did properly exercise his discretion, and the district court properly affirmed that discretion, not to consider the argument. I would have felt better about that argument, counsel, if the magistrate had said that. But there's no place in here that the magistrate says, you've made two arguments here, counsel. One of them took the public defender's office by surprise, and given the government's negligent conduct in this case, I'm not going to hear anything further on the automobile exception. Boom. One sentence, and we might be here, but we don't have anything like that. I think that, much like Miranda, there should be no magical incantation to preserve the argument. What the court did say is, both during the first day of the hearings and in the pleadings, he said, you are creating prejudice. And he specifically finds prejudice at page 253 of the record in the report and recommendation. He said, because you did not tell us – let me restart that. We came into the hearing only knowing what our argument was. The government came in with a trick in its pocket. It had this magic thing to plug in. So we had prejudice because we couldn't hear the report. The government is not arguing that the magistrate judge erred in that respect. The government is resting its argument on the failure of the district court to consider the argument. What's your response to that? My response to that is very similar to what you said a little bit earlier, Your Honor. They cite T'Challa for the proposition that the district court must review both facts and law that are presented for the first time in objections. If you reverse engineer the quotation in T'Challa that they cite to, both Brown versus Roe and Howell, which was before this – it was in this court, was that it only pertains – the district court only has the requirement to consider new facts, new factual allegations. The government did not, in its briefs, present any new factual allegations. The government instead simply presented a new legal argument, which, although raised orally, was not enough to preserve waiver. I think the biggest issue here, Your Honor, is that the government in this case has never articulated a good cause reason to excuse the failure to file. When presented with that in front of the magistrate court, they told the magistrate court, this is our practice. We were told this was okay to do. That's not good cause. When – they didn't even try and address that issue in their objections to the report and recommendation. Instead, and here at this – before this court, they have had the opportunity in two separate pleadings to explain to this court why they failed to raise an argument, why they failed to meet their burden of proof here. And they have not done that, because they haven't met that, Your Honor. This court should not, as the first – court of first resort, be addressing an issue that was never seasonably raised. If there's no further questions, Your Honor, I'm good. Thank you. Thank you. Rebuttal. Your Honors, I just want to clear up three points that the defense – that my colleague just raised. First, Your Honor, I would point the court to the record at ER-240. Now, this is the second day of the suppression hearing. This is defense counsel stating on the record to the court that the contents of the pleading referring to the United States-bladed written response to the motion to suppress really come as no surprise. We surmised from the beginning that the government would be limited to one or two attacks to try to justify the search. And the document presented as Document 36 and filed proves that to be a correct observation. So, Your Honor, pointing to that citation and also to ER-39, which is, again, where defense counsel stated on the record that he was not seeking the sanction that the motion to be suppressed – the motion to suppress be granted prior to a hearing without a hearing at all, Your Honor, the government contends that those two citations establish that the defense counsel waived waiver in this case, and we would refer again back to Norwood v. Vance. Your Honor, I'd also note for the record that referring back to United States v. Sparks Note 1, in that case, the court – this court did say that it was enough for a defendant to preserve an argument by raising it orally at the suppression hearing, even if the magistrate judge didn't address it in the report and recommendation and the district court didn't address it. So, Your Honor, I would say that my colleague is wrong on that point, that raising it at the hearing orally was enough to preserve it for the record for this court to review. I want to ask you this. What do you think the – on ER-241, what do you think the effect of the defense counsel asking for the response to be stricken, what was the effect of that? Your Honor, I think, like Judge Bybee stated earlier – suggested earlier, that basically the penalty for the late filing was that the court was not going to consider the points and authorities that the United States was offering, any legal support that was not raised in the hearing. And I think, Your Honor, that's what the effect of that was. And in any event, Your Honor, I would also note that the defense counsel, when the United States raised the automobile exception again in its objections to the report and recommendation, the defense counsel didn't at that point state, Your Honor, these arguments are waived, don't consider them. Rather, the defense counsel proffered a response to the automobile exception, which they now, of course, did not raise on appeal. The practical matter, you know, if we approve of this type of practice, then the hearings before the magistrate judge would just be ineffectual and all of the important arguments can be made directly to the district court in the objections to the R&R. Is that something that you think would be a good practice for the court? No, Your Honor, but I think that this Court's case law sort of reigns that in. There's a sort of a twofold inquiry, right? The first is that the district court has the discretion to consider new arguments or new facts, assuming that there's a – the district court finds that there's a sufficient reason for raising the new facts or arguments. And going back to Howell in that case, the district court determined that the defendant hadn't explained sufficiently why they didn't raise these Miranda arguments at the suppression hearing, so the district court refused to consider them. In contrast, Your Honor – So would it be satisfactory to you if we sent it back to the district court to explain why it didn't consider the arguments? Your Honor, no. What we are asking is that because it's – the probable cause issue is resolved, essentially. The defendant conceded it, and the magistrate has stated that it's likely that it would have been found. Your Honor, we believe that the record is sufficient for this Court to conclude that the automobile exception applied and to reverse the decision. But wouldn't that be an in run around the procedure? Your Honor, no. I think that it's consistent with this Court's case law in Cha where the Court basically said with no decision to review for abuse of discretion because the district court had summarily adopted the magistrate's ruling, we conclude for ourselves that the argument should be considered because it involves a legal question and no further factual development is necessary. So in Cha, the Court said we should consider it. And here, Your Honor, no further factual development is necessary. The facts are all in the magistrate's report and recommendation at ER 251 and 252 that establish probable cause. All right. Thank you, counsel. Thank you, Your Honor. Thank you to both counsel. The case just argued is submitted for decision by the Court. The next case on the calendar for argument is Clifford v. DTG Operation.
judges: Arnold, Rawlinson, Bybee